**WOLLITZ v YOUNGSTOWN (city) et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

Powell & Hooker for plaintiff in error.
U. F. Kistler, Law Director, Youngstown, for defendants in error.

ROBERTS, J.

The industry of counsel has resulted in the citing of a large number of authorities considered as being applicable to this case. The issues in the matter under consideration may be abbreviated by adopting the suggestion of counsel for plaintiff in error, where it is said in brief filed on page 7:

"The sole question of this law suit then resolves itself as to whether or not Carl Wollitz has ever been convicted of any of the grounds which would bar him from a pension."

It is further the contention of counsel for plaintiff in error that a proper and correct construction of §4 of Article III of this pension board legislation is to the effect that this Relator could not be denied of his right to a pension until he had been convicted in a competent court of criminal jurisdiction of dishonesty or of a felony or for drunkenness as provided for in that section, and to the extent charges were made in this regard against the Relator.

There is no dispute in this case but that Wollitz never was arrested or tried or convicted for aiding the escape of either of these alleged robbers or in participating in either of those alleged offenses. There is nothing to indicate that any charge has ever been made against him except in this connection. It is the contention of the Respondents that a proper construction of this statute does not require that the Relator or policeman may have been convicted of a crime, and that all a proper construction would justify is that the board of appeals itself affirmed his discharge, finding that the charges were properly made and that the policeman was guilty of the charge made. We have substantially the issue in this case, as it seems to be briefed and claimed by counsel, as we understand it, as to whether or not it is sufficient on charges being made against this man that he be tried on the merits before the board of appeals and if that board found that he had done those acts which he is charged with doing, and that they were acts of felony or dishonesty or whatever the language may be, then such board was authorized in discharging or affirming the discharge made by the chief of police, and the Relator then claiming that the board had not such authority, that he could not be found guilty

or discharged unless he had been convicted in such court.

It is evidently the fact that these rules and these charges preferred were the actions and effort of a layman, not by an attorney or some one skilled in this kind of effort, and they are not as clear and explicit as perhaps they might have been.

We have read all this testimony and the exhibits and have given consideration to this issue, and it seems to this court extremely improbable and unreasonable that the officers of this relief fund and this board of appeals should so deny the city the power or ability or right to discontinue the services of a police officer by providing in such language that might be properly construed and be its real determination or intention that an officer offending or charged with having offended would not be relieved from duty, would still be eligible for duty and to his salary or to a pension if discharged unless his misconduct alleged had been incorporated in some kind of an indictment or affidavit and he had been brought before some duly authorized court authorized to try criminal actions, and been convicted, and that is the nature of the conviction which was contemplated, then it presumably must be a final conviction.

Now, it is well known what the exact procedure in a criminal case is, that it takes a long time after a person is accused of crime, comparatively, to get the issues made up, bring the defendant to trial, get a conviction, get past a motion for a new trial and proceedings in error, and finally, perhaps a year or years afterwards it be determined that he was guilty of the offense charged, and then under that construction, and not until then, were the police officers authorized to act in relation to the discharge of an officer.

Such a construction would seemingly require, no matter how reprehensible the conduct of the policeman might be, his continued services would be a reproach to public peace in the city, or how much his disposition to commit crime or do something which might be deleterious to the protection of the public, his services would have to be retained and he retain all his rights and privileges until a year or two afterwards, when this conviction might result.

We think the evident intention of the legislators of this section and article was, in effect, this, that whenever the board, properly authorized, should find and determine that the policeman under charge was guilty, and that is, that he had done those things which he was charged with having

done, and the board so found, then his right to a pension ceased. The word "conviction" is perhaps unhappily used but all that was necessary or intended was that the board was authorized to determine whether he was guilty of the offense charged, that is, whether he had done the thing which his chief of police said he had. If the board found he had done those things then follows the determination of his right to a pension, and with this construction of the article and section, and that being the only matter submitted and at issue, and it being well settled rule of law that a person is not entitled to a writ of mandamus unless that person has a clear right.

It follows that the judgment of the Court of Common Pleas in holding against the Relator in this case was not erroneous, and the judgment of that court is affirmed.

FARR and POLLOCK, JJ, concur in the judgment.